KENTUCKY INSURANCE GUARANTY ASSOCIATION, Appellant,

v.

NATURAL RESOURCES AND ENVIRONMENTAL PROTECTION CABINET, Appellee. (Two Cases)

Nos. 89–SC–170–TG, 89–SC–326–TG.

Supreme Court of Kentucky.

Dec. 21, 1989.

J.W. Smirz, Ann M. Walker, Landrum & Shouse, Lexington, for appellant.

Brenda G. Lowe, S. Bradford Smock, Dept. of Law Natural Resources and Environmental Protection Cabinet, Frankfort, for appellee.

VANCE, Justice.

These appeals, heard together at oral argument, are from a summary judgment in a declaratory judgment proceeding in the trial court which held, in effect, that the appellants must respond to certain claims of the Natural Resources and Environmental Protection Cabinet. We granted a transfer of the appeals to this court.

The controversy arises from the fact that a number of insurance companies which have executed surety bonds to the Natural Resources and Environmental Protection Cabinet (hereinafter referred to as the Cabinet) to guarantee the faithful performance of the conditions and requirements of various mining permits have become insolvent. Some of the permittees named in the mining permits are alleged to be in violation of the conditions of the permits issued to them, and the Cabinet is seeking to enforce against appellants whatever claim it may have had against the insolvent bonding companies for the violations.

The appellant in each of the above-captioned cases is a nonprofit, unincorporated legal entity created by K.R.S. 304.36–010, et seq. One of its purposes is to provide a mechanism for the payment of covered claims to avoid financial loss to claimants or policyholders because of the insolvency of an insurer. K.R.S. 304.36–020.

A covered claim is statutorily defined as an unpaid claim which arises out of and is within the coverage of an insurance policy to which the statute applies which has been issued by an insurer. K.R.S. 304.36–050(3).

■ There is no question but that the claims which the Cabinet is seeking to assert against the appellants are unpaid and that they arise out of a security agreement to which the act applies. The claims are, therefore, "covered claims" as defined by statute.

Not all "covered claims" impose liability upon the appellant, however, and therein lies the controversy. K.R.S. 304.36–080(1)(a) provides that the appellants shall be obligated to the extent of the "covered claims" existing prior to the determination of insolvency of the insurer, or within 30 days after the determination of insolvency. The appellants contend that the Cabinet does not have any claim against companies which issue performance bonds until the Cabinet has first exhausted its statutory remedies against the holder of a mining permit and has then ordered forfeiture of the performance bond. The appellants concede that they must respond to the claims of the Cabinet in cases where forfeiture of the performance bond has been ordered prior to the determination of the insolvency of the bonding companies or within 30 days thereafter.

There are many cases, however, in which alleged violations of a mining permit were cited before or within 30 days after the determination of the insolvency of the bonding company, but in which no forfeiture of the bond had been ordered within 30 days after the insolvency. The appellants contend, as a matter of law, that they are not required to respond to these claims because they have no liability thereon.

The Cabinet takes the position that although it cannot enforce a claim against a bonding company until it declares forfeiture of the bond, it nevertheless has a claim against both the permittee under the mining permit and also the surety on the performance bond whenever a violation of a permit occurs upon which a forfeiture of

the bond may later be declared. The Cabinet contends that the obligation of the principal and a surety is a joint obligation.

Since the appellants are liable only upon those covered claims which existed prior to or within 30 days after the determination of the insolvency of the bonding company, the simple question is whether the claim existed at the time of the violation of the permit by the holder of the permit or whether it came into being only at declaration of a forfeiture of the performance bond. The only purpose of a performance bond in these cases is to guarantee the performance by the principal of the undertaking set forth in the conditions of the bond. In these cases the bonding companies guaranteed that the principal would faithfully perform all the requirements of the application for the permit and the applicable laws and regulations relating thereto.

K.R.S. 304.36–040 requires that the act be liberally construed to effect the purposes under K.R.S. 304.36–020 which shall constitute an aid and guide to the interpretation of the act. As we have already noted, one of the purposes is to provide a mechanism for the payment of covered claims to avoid financial loss to claimants or policyholders because of the insolvency of an insurer. When an insurer becomes insolvent, it is possible for a policyholder to acquire other insurance that will protect him from future losses but he cannot secure insurance against losses which have already occurred. It seems likely that the 30–day provision was inserted in the statute to give a policyholder some time to secure other insurance when his insurer becomes insolvent. For this reason the Kentucky Insurance Guaranty Association has no liability for a loss which occurs more than 30–days after the insolvency of the insured carrier, but must respond to loss incurred prior to the insolvency or within 30 days following the insolvency.

The appellants have strongly insisted that under the precise wording of the performance bond it is agreed that the amount of the bond shall be paid to the Cabinet upon receipt of an order of forfeiture. We construe this to mean that the order of forfeiture fixes the time when payment under the bond must be made but does not fix the time when the claim upon which the forfeiture was ordered first existed.

A liberal construction of this act to effectuate its stated purpose of providing a mechanism for the payment of claims to avoid financial loss because of the insolvency of an insurer, requires us to hold that the Cabinet's claim against the bonding companies is coexistent with its claim against the permittees under the mining permit. For this reason the appellants must respond to the claims of the Cabinet based upon the claimed liability of an insolvent insurer for a loss for which the insolvent insurer would have been liable at the time of the declaration of the insolvency or within 30 days thereafter.

We find support for this view in K.R.S. 304.36–080(1)(b) which provides that the Kentucky Insurance Guaranty Association shall "be deemed the insurer to the extent of its obligations on the covered claims and to such extent shall have all of the rights, duties, and *obligations* of the insolvent insurer as if the insurer had not become insolvent."

This opinion is limited to a holding that the appellants must respond to the individual claims of the Cabinet in these cases and may not assert that the failure of the Cabinet to order a forfeiture of the performance bonds prior to or within 30 days after the determination of the insolvency of the insurer is, as a matter of law, a complete defense to the claims. This opinion shall not be deemed to preclude the assertion by the appellants of any other defense which is available to them or which would have been available to the insolvent insurer at the time of the determination of insolvency.

The judgment is affirmed.

All concur.